UNITED STATES DISTRICT COURT

MIDDLE OF LOUISIANA

RECEIVED

AUG 15 2017

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

MR.  R. CEASAR  aka JOHN DOE            :     CIVIL ACTION
                                              NO. _____-SDD-EWD

VERSUS

LOUISIANA BOARD OF ETHICS (BOE), ET. AL.
Kathleen Allen
Stephen Babcock
State of Louisiana, Honorable John Bel Edwards - Governor
State of Louisiana Legislature
R. Michael Caldwell
Tom Schedler

------------------------------------------------------------------------------------------------------------

Filed: _____     Clerk of Court_____

## COMPLAINT AND PETITION FOR DAMAGES

NOW INTO THE COURT,  comes Mr. R. Ceasar, plaintiff in this matter who reports that defendant Kathleen Allen targeted Mr. Ron Ceasar, a Black Candidate for the office of Louisiana State Treasurer and other Black  Leaders in Louisiana with intimidation, fines, lawsuits, garnishments of wages and every conceivable DIRTY SOUTH tactics to dissuade these Black Leaders from pursuing a run for state offices or otherwise to coerce, prevent, intimidate and obstruct from reaching their goals and plaintiff further  avers that:

### I.

Defendants violated plaintiff's civil rights by deliberately violating the **1965 VOTING RIGHTS ACT, SECTION 5 AND OTHERS!**
This action arises out an action started by the Louisiana Board of Ethics (BOE) in 2011 at which time plaintiff was a major office candidate for Governor of the State of Louisiana and was afforded certain rights and privileges allowed by federal and state laws for protection of candidates from certain attacks by any and all potential parties.

20131

(3)

## II.

Defendants used "Jim Crow" laws to justify intimidation, obstruction, and just downright vigilante tactics to prevent plaintiff from running for the off of State Treasurer and even garnished the Ph.D. student's part-time wages. How dirty and low down, despicable can a Jindal appointee be in 2017.

## III.

The purpose of the 1965 Voting Rights laws and Louisiana Title 18 laws is to protect public service candidates from being attacked for political reasons in matters that may wind up in court, causing defendant candidates undue harm financially having to defend attacks while being classified as a public service candidate for a major office. Public servants legal fees are waived and paid by the State of Louisiana to protect from being injured financially while serving the public or offering to become a public servant. It makes good sense and is an incentive to interested candidates to move forward in wanting to serve the public, but concerned about legal attacks that may be frivolous and designed to drain a candidate financially. Thus, plaintiff has met the requirements for he was a bona fide candidate for Governor of the State of Louisiana, having first qualified legally for office and eventually garnering legal votes in the final election cycle. Plaintiff also qualified for State Treasurer on July 14, 2016 to no avail

## IV.

Finally, candidates for major offices such as "governor" or "State Treasurer are guided by the State of Louisiana Election Code Title 18 of the Louisiana Revised Statues. According to procedural law, the Board of Ethics initiated actions in this case and petition **shall** comply with Article 891 of the Louisiana Code of Civil Procedure. Furthermore, according to R.S. 18: 1408, by plaintiff filing notice of candidacy, a state candidate appoints the secretary of state, as his agent for service of process in actions instituted by the board (BOE) under provisions of Title 18. Thus, the actions of the BOE applies in this action that they started. Furthermore, this matter is considered an **extension** of the appeal process allowed by law and therefore continues the afforded rights of the state candidate until this action is finally disposed of in a final legal manner.

**Memorandum in Support of Pleadings:**

1.

Plaintiff has not heard from the lower court, although the attached pleadings were filed in the Administrative Law Court on September 18, 2012 and after receiving no response subsequently regarding timely filing for reconsideration/appeal and ultimately discovering on October 28, 2015 that a garnishment was started on his paycheck. Thus,

20132

(4)

first notice to defendant was October 28, 2015 by way of employer thereby rendering this judgement unconstitutional according to Louisiana Code of Civil Procedure.

2.

For the reasons listed in the attachment, the judgement was in error for Mr. Ceasar did nothing wrong, but was wrongfully fined $2,500 by the Louisiana Board of Ethics for allegations of not filing campaign finance report in a timely manner in year 2011. Respondent has filed many campaign reports in the past, both minor and major and has never neglected to timely file campaign documents. Thus, it is inconceivable that he would just sit on documents on a major level. Something went terribly wrong at the BOE. Respondent maintains his innocence to date. The old adage " I said he did it and that settles it" does not hold water in the court of law anymore. The BOE did NOT prove that plaintiff did not mail campaign reports late!

3.

Mr. Ceasar filed an affidavit, allowed by law for the first and subsequent reports, but it appears that they were not accepted until later causing undue harm and damages to Mr. Ceasar. Therefore, plaintiff requests that this honorable court award compensatory and punitive damages. A college student, United States Veteran and 32nd Degree Mason citizen of Louisiana should not be treated like an illegal immigrant!

4.

Timely appeal for reconsideration/appeal was not acted on by EAB in September 2011. Thus, such non-action would lead a reasonable person to believe that, therefore the matter was abandoned and ultimately dismissed according to law. A subsequent ambush prosecution by the Board of Ethics with a garnishment of wages some three plus years later is not due process according to law! All garnished funds are requested to be returned to respondent immediately and sanctions should be issued against the BOE for malicious prosecution and damages suffered by the respondent, causing irreparable harm to him.

5.

This new Board of Ethics was established in 2008 and had many confusing procedures, some of which still exist to date. These actions arose in September 2011. New agencies make mistakes! It is a proven fact! This was a HUGE blunder!

6.

The campaign finance law states that late filing penalties are handled pursuant to the ethics code. Therefore, were all or just some of hearing under the campaign finance law supposed to shift to the new adjudicatory board? Responsible agencies are still confused and leave a negative impact on image of enforcement process. Now there are many cases over jurisdictional disputes because of unclear orders for payment and no document of appeals of orders. Mr. Ceasar filed several appeals before going before the EAB and filed

20133

5

another reconsideration/appeal after receipt of the EAB's decision. Why would he stop appealing until justice is served?

7.

By their own admission, it is documented that administrative law judges (ALJ) in the past have determined that they did not have jurisdiction for hearing late filing cases unless the cases were documented appeals! By the end of 2011, the EAB dismissed more than 40 late filing cases for this reason, styled as lack of subject matter jurisdiction. Mr. Ceasar's case should have been one of those dismissed as well. Attempts by the respondent, to resolve this matter with all pertinent parties have fallen on deaf ears since October, 2015, when Mr. Ceasar received notice by garnishment!

8.

The Board of Ethics has no authority to assess a fee and issue a final order! It is not a valid legal document. In 2012 there was an attempt by the Louisiana legislature to clarify this grave procedural matter. Thus, this appeal is also based on procedural grounds.

9.

The Louisiana Supreme Court has allowed for a suspension of time in a case of finance disclosure.

10.

The ALJ has determined that the BOE's failure to use panels had denied the respondent appropriate process. The law stated the BOE **"shall"** use panels, not "may". Thus, the ALJ concluded that these cases be dismissed for such reason.

11.

Respondent, Mr. Ceasar requested internal investigatory documents from the BOE to help plead his case, but was denied thereby harming his right to due process of law. Thus, the actions of the BOE were unconstitutional under Louisiana Law and the $2500 assessed by the BOE is invalid and UNCONSTITUTIONAL! Also, this group was established by the 2008 Legislature, which at the time was still under preclearance mandates by the justice department until 2013, when the preclearance was lifted by the Justice Department.

12.

The intent of Katleen Allen was to help another political candidate for State Treasurer by suing for him and saving him monies. Thus Neil Riser got a free ride. Kathleen has no legal authority to collect fines, sue candidates, and account for state monies all in one! It is unlawful.

13.

Defendant R. Michael Caldwell knew or should have known that Kathleen could not sue as a supervisory committee , which could be construed a political action committee using taxpayers dollars to obstruct voting rights.

14.

20134



Defendant Steven Babcock, plaintiff's court appointed attorney refused to return phone calls to his instant client, Mr. Ceasar, thus costing Mr. Ceasar much monies and legal problems due to no legal representation.

15.

Defendant Tom Schedler is plaintiff's agent for service of process and act negligently in this role doing nothing to protect the interests of plaintiff Schedler struck Mr. Ceasar name from candidate list by prematuring notifying all registrars of voters prior to FINAL suspensive appeals which are still pending in 19th JDC as of this writing.

16.

State of Louisiana, Governor John Bel Edwards allowed Kathleen Allen an unlimited credit line to go after Mr. Ceasar with no limits on spending taxpayers dollars spending over $50,000 using 7 lawyers against the 32nd Degree Active Mason and Honorably Discharge Navy Veteran for allegedly $1500 in state fines for mailing a letter late in 2011. Wow!!!!!

17.

The Louisiana legislature enacted "Jim Crow" laws that are gravely deter or disportionalately impact minorities in the voting rights process in direct conflict and violations of the 1965 Voting Rights Act, particularly Section 5 and others.

18.

Does not a Negro have a right to due process of law in Louisiana? Kathleen acted as though, "so what nigger, we had someone stand in for you, and our Jim Crow laws says we can do whatever the hell we what to nigger", cause we makes the laws to fit out purpose! Wow!

Plaintiff, prays that this honorable court issues a preliminary injunction to stop the garnishment immediately, have the garnished funds refunded, and reverse the lower court ruling, for there was clearly a judgment error for the lower court did not have all the facts in the matter and there were many procedural errors. Plaintiff further requests compensatory damages in the amount of $175,000 and punitive damages of $125,000 for pain and suffering caused by the actions of the BOE. Also, Mr. Ceasar has not been notified of any subsequent proceedings to date even though his address has not changed since 2011. Mr. Ceasar was not served and found out about the judgment from his employer, when his paycheck was garnished first on October 28, 2015. Unconscionable! It gets better. Mr. Ceasar, plaintiff was sued on July 26, 2017 and a judgement (Jim Crow laws) was rendered on July 28 by a judge in the 19th Judicial District Court of East Baton Parish. Mr. Ceasar found out that a judgement was issued against him by an email on the morning of July 29, 2017. WOW! No process of service was executed to Mr. Ceasar for he was in Shreveport, LA campaigning for an office , for a whole week that he was

20135

(8)

allegedly disqualified for, for allegedly owing the State of Louisiana $1500 for mailing al
letter late.        WOW, ONLY IN THE DIRTY SOUTH, NEGRO STYLE!

This the /4/th day of  Our Lord,                Respectfully submitted by:

August , 2017.

Telephone;  (225) 328-4515                      P.O. Box 1281
e-mail:  rrceas1@yahoo.com                      Opelousas, LA  70571

xc:  ACLU, NAACP, NAN
        Reverend Al Sharpton

20136

(8)

Ronnie Ceasar
PO Box 1281
Opelousas, LA 70571-1281

7017 1070 0000 7437 6259



Proud to Be an American

RETURN RECEIPT REQUESTED

SCREENED OK U.S. MARSHAL

 

U.S. POSTAGE
PAID
OPELOUSAS, LA
70570
AUG 14, 17
AMOUNT
$7.71
R2305H128027-08

1000    70801

Clerk's Office
U.S. District Court
Middle District of Louisiana
777 Florida St., Suite 139
Baton Rouge, LA 70801-171.

Attn: Civil Suits Filings