UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

R. CEASAR                                                         CIVIL ACTION NO.

VERSUS                                                            17-562-SDD-EWD

LOUISIANA BOARD OF
ETHICS (BOE), ET AL.

**RULING ON MOTIONS TO DISMISS**

Before the Court are the following Motions to Dismiss: (1) Rule 12(b)(4) & 12(b)(5) Motion to Dismiss filed by defendants, the Louisiana Board of Ethics ("BOE"), Kathleen Allen ("Allen"), the State of Louisiana, the Honorable John Bel Edwards, Governor, the State of Louisiana Legislature, and Tom Schedler, Secretary of State for the State of Louisiana (collectively, the "Louisiana Defendants");[1] (2) Rule 12(b)(6) & 12(b)(5) Motion to Dismiss filed by defendant, Judge R. Michael Caldwell ("Caldwell");[2] (3) Motion to Dismiss Plaintiff's Complaint and Amended Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(4), Rule 12(b)(5), and Rule 12(b)(6) filed by Doug Welborn ("Welborn");[3] and (4) Rule 12(b)(2) & 12(b)(5) Motion to Dismiss filed by Stephen Babcock ("Babcock").[4] The Louisiana Defendants, Caldwell, Welborn, and Babcock are collectively referred to herein as the "Defendants." No

---

[1] R. Doc. 39.

[2] R. Doc. 42.

[3] R. Doc. 43.

[4] R. Doc. 44.

certified mail # 7004 1160 0003 2648 1487

timely opposition to any of the Motions to Dismiss has been filed by *pro se* plaintiff, R. Ceasar ("Plaintiff" or "Ceasar") and therefore the Court considers the four Motions to Dismiss to be unopposed.[5] For the reasons set forth herein, the Court GRANTS the four Motions to Dismiss. Plaintiff's suit is DISMISSED WITHOUT PREJUDICE.

Additionally, in keeping with the Court's previous orders pertaining to Mr. Ceasar's ability to file in this Court, Mr. Ceasar is barred from filing any future complaints in this Court without leave of court and without prepayment of the filing fee.

**I.     Background**

Mr. Ceasar's current flight of suits in this Court center on allegations that he was improperly and illegally thwarted from running for state office.[6]

On December 16, 2016, Mr. Ceaser filed *John Doe a/k/a R. Ceasar v. Louisiana Board of Ethics, et al.*, No. 16-cv-877-SDD-EWD, against the BOE, Allen, Welborn, and the Ethics Adjudication Board asserting that the Louisiana Board of Ethics "et al" had violated his constitutional right of due process and caused him irreparable harm. Attached to his December 2016 Complaint was a Petition for Damages filed in state district court against the BOE and Allen. Therein, Mr. Ceasar alleged that he was wrongfully fined $2,500 by the BOE "for allegations of not filing campaign finance report in a timely manner in year 2011" and that his wages had been garnished.[7] Despite being given multiple opportunities to pay the filing fee or file a Motion to

---

[5] The Motions to Dismiss were filed on February 28, 2018 (R. Doc. 39); March 1, 2018 (R. Docs. 42 & 43); and March 19, 2018 (R. Doc. 44). Pursuant to Local Civil Rule 7(f), any opposition to the Louisiana Defendants' Motion to Dismiss was due by March 21, 2018, any opposition to the Motions to Dismiss filed by Caldwell and Welborn was due by March 22, 2018, and any opposition to Babcock's Motion to Dismiss was due by April 9, 2018.

[6] As discussed below, Mr. Ceasar has filed at least ten suits in this Court, and has been previously barred from filing without prepayment of the filing fee and leave of court. 05-cv-1402-RET-SCR, R. Doc. 19. Sanctions pursuant to Federal Rule of Civil Procedure 11, have also been previously imposed upon Mr. Ceasar. 05-cv-1402, R. Doc. 25.

[7] 16-cv-877, R. Doc. 1-1, Petition for Damages, ¶¶ 1 & 2. Mr. Ceasar also identified himself using the email rrceas1@yahoo.com, the same email he used in *Ronnie R. Ceasar v. Holt et al.*, No. 05-cv-1402-RET-SCR, which is the suit in which Mr. Ceasar was barred from future filings without prepayment of the filing fee and leave of court.

Proceed *in forma pauperis* ("IFP"), Mr. Ceasar instead insisted that provisions of Louisiana election law and the clerk's acceptance of his suit in the first instance allowed him to proceed without payment of the fee.[8] Mr. Ceasar did not pay the filing fee or file an application to proceed IFP and on March 10, 2017, the Magistrate Judge recommended that the suit be dismissed without prejudice.[9] That recommendation was subsequently adopted by the District Judge and the suit dismissed.[10]

On August 15, 2017, "Mr. R. Ceasar aka John Doe" filed the Complaint and Petition for Damages (the "Complaint") in the instant suit naming (1) the Louisiana Board of Ethics, (2) Kathleen Allen, (3) Steven Babcock, (4) State of Louisiana, Honorable John Bel Edwards – Governor, (5) State of Louisiana Legislature, (6) Michael Caldwell, and (7) Tom Schedler as defendants.[11] Per his Complaint, Mr. Ceasar seems to assert that one or more of the Defendants prevented him from running for the office of State Treasurer, that he was "wrongfully fined $2,500 by the Louisiana Board of Ethics for allegations of not filing [a] campaign finance report in a

---

[8] On January 17, 2017, the Court issued an order requiring Mr. Ceasar to show cause why his suit should not be dismissed for failure to either file an application to proceed *in forma pauperis* or pay the Court's filing fee. A show cause hearing was held before Magistrate Judge Erin Wilder-Doomes on February 7, 2017, at which Mr. Ceasar advised that he believed Louisiana law permitted him to proceed without payment of the filing fee or filing an IFP motion based on provisions of Louisiana election law governing major party candidates. 16-cv-877, R. Doc. 4. When the Court questioned Plaintiff further, he was unable to cite to the particular provision(s) of law upon which he relied. The Court allowed Plaintiff to file briefing with regard to this issue following the hearing. 16-cv-877, R. Doc. 4. Mr. Ceasar subsequently filed an "Answer and Objection" wherein he argued that "[t]he Honorable Clerk of Court in this matter accepted this pleading based on the merits of the explanation already submitted by plaintiff that there is no fee involved in this matter since it arises out of an action started by the Louisiana Board of Ethics (BOE) in 2011 at which time plaintiff was a major office candidate for Governor of the State of Louisiana." 16-cv-877, R. Doc. 5, p. 1. Plaintiff asserted that "[t]he Honorable Clerk of Court in this matter did not challenge the explanation (which is his charge) and therefore, plaintiff is cleared to proceed as allowed by law." 16-cv-877, R. Doc. 5, p. 1. Plaintiff further argued that "[p]ublic servants legal fees are waived and paid by the State of Louisiana to protect from being injured financially while serving the public or offering to become a public servant." 16-cv-877, R. Doc. 5, p. 2.

[9] 16-cv-877, R. Doc. 8.

[10] 16-cv-877, R. Docs 9 & 10.

[11] On January 22, 2018, Mr. Ceasar filed an Amended Complaint adding Doug Welborn as a defendant.

timely manner in year 2011,"[12] and that his wages were wrongfully garnished.[13] As discussed more fully below, Mr. Ceasar's initial requests for the Court to issue summons and serve Defendants were denied and he was instructed to proceed with service upon the Defendants pursuant to Federal Rule of Civil Procedure 4. On February 13, 2018, Plaintiff filed Proofs of Service into the record,[14] and the Defendants subsequently filed the four pending Motions to Dismiss.[15]

Finally, on December 20, 2017, Mr. Ceasar filed *R. Ceasar a/k/a John Doe v. Tom Schedler and Doug Welborn*, No. 17-cv-1788-SDD-EWD for violations of the "1965 Voting Rights Act, Section 5 and Others!" Therein, Mr. Ceasar alleges that Tom Schedler stole $600 from him and that Doug Welborn stole $1133 from him "under the guise of 'Jim Crow" laws…."[16] Mr. Ceasar alleges, like the 2016 complaint and earlier 2017 complaint, that the action arises out of an action started by the Louisiana Board of Ethics in 2011, and that defendants used improper tactics to prevent him from running for state office. In addition to filing that Complaint, Mr. Ceasar also filed a Motion and Order to Proceed w/o Payment Due to Ancestry.[17]

---

[12] 17-cv-562, R. Doc. 1, ¶ 2.

[13] 17-cv-562, R. Doc. 1, ¶ 4. On August 25, 2017, Mr. Ceaser was ordered to either pay the filing fee in the amount of $400.00 or complete and submit form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (the "IFP Application"). 17-cv-562, R. Doc. 2. Thereafter, Mr. Ceasar submitted a Motion and Order to Proceed without Payment Due to Ancestry wherein he asserted that he should not be required to pay the $400.00 filing fee based on his ancestors' enslavement and challenged the $400 fee as unconstitutional. 17-cv-562, R. Doc. 9, ¶¶ 3 & 7. Plaintiff provided no basis to support a finding that the imposition of the $400.00 filing fee was unconstitutional and "in the alternative," also submitted the $400.00 filing fee. 17-cv-562, R. Doc. 9, ¶ 21. Although there was no basis to find the imposition of the filing fee unconstitutional, in light of Mr. Ceasar's alternative payment of the filing fee, the matter was permitted to proceed. 17-cv-562, R. Doc. 10. At the time Mr. Ceasar was allowed to proceed, presumably the Magistrate Judge was unaware of the previous order in *Ronnie R. Ceasar v. Holt et al.*, No. 05-cv-1402-RET-SCR barring Mr. Ceasar from future filings without prepayment of the filing fee and leave of court.

[14] 17-cv-562, R. Doc. 35.

[15] 17-cv-562, R. Docs. 39, 42, 43, & 44.

[16] 17-cv-1788, R. Doc. 1.

[17] 17-cv-1788, R. Doc. 2. The Motion to Proceed Without Payment on Account of Ancestry is strikingly similar to a Motion and Order to Proceed w/o Payment Due to Ancestry previously denied in the instant suit. *See*, 17-cv-562, R. Doc. 9. The first eight paragraphs of both Motions are exactly the same. The Motion filed in 17-cv-562 appears to

## II. Plaintiff's Suit is Dismissed Pursuant to FRCP 12(b)(5) because Plaintiff Failed to Properly Serve Any Defendant in this Matter

### a. Background Relevant to Service Upon Defendants

Following the filing of the instant Complaint, Mr. Ceasar filed two motions which sought an order from this Court "that all defendants be served summons immediately."[18] The Court construed these motions as requests for the Court to issue summons to and serve the Defendants, and explained that absent the granting of leave to proceed *in forma pauperis*, Mr. Ceasar was responsible for complying with Rule 4.[19] The Court ordered Mr. Ceasar to proceed with service of summons compliant with Rule 4.[20]

Following the Court's September 11, 2017 Order, Mr. Ceasar requested that the Clerk of Court issue Summons addressed to the then-named defendants.[21] On October 10, 2017, Plaintiff filed a Proof of Service with respect to service on "Kathleen Allen – Administrator B.O.E." indicating that Plaintiff "sent a copy of all pleadings by certified U.S. mail return – receipt requested."[22] Because service upon Ms. Allen via certified mail was improper,[23] and because no

---

then reiterate verbatim paragraphs from Mr. Ceasar's various other previous pleadings. On April 24, 2018, the court denied Mr. Ceasar's Motion to Proceed w/o Payment Due to Ancestry in 17-cv-1788. 17-cv-1788, R. Doc. 4. On April 27, 2018, the court dismissed suit 17-cv-1788 without prejudice. 17-cv-1788, R. Doc. 5.

[18] *See*, 17-cv-562, R. Docs. 5-1 & 6-1.

[19] 17-cv-562, R. Doc. 10.

[20] The Court attached a blank Summons in a Civil Action to the September 11, 2017 Order, set forth the requirements for Mr. Ceasar to present a summons to the clerk for signature and seal, and instructed Mr. Ceasar that he was responsible for completing a copy of this form for each defendant to be served in accordance with Federal Rule of Civil Procedure 4(a)(1) and for service upon each defendant as directed by the federal rules. 17-cv-562, R. Doc. 10.

[21] Plaintiff additionally requested summons be issued to Doug Welborn – Clerk of Court 19th Judicial District Court and State of Louisiana – Attn: Legal Department. The clerk did not issue these two requested summonses because the named person/entity was not reflected on the docket sheet as a party in the case. 17-cv-562, R. Doc. 17.

[22] 17-cv-562, R. Doc. 18. Plaintiff also stated that "[t]he copy of the signed green card has been filed with this honorable court." R. Doc. 18.

[23] A return receipt for certified mail sent to Kathleen Allen was attached to a Motion and Order for Injunction filed by Plaintiff. R. Doc. 12-2. The Louisiana Long Arm Statute allows a court to exercise personal jurisdiction over nonresidents, and provides that service upon such nonresidents may be made by "registered or certified mail, or

additional service information was included for any other Defendant, the Court set a show cause hearing on December 15, 2017 to discuss Mr. Ceasar's efforts to serve the Defendants in this matter.[24]

During the December 15, 2017 hearing, Plaintiff stated that he had also personally served Ms. Allen, the Louisiana Board of Ethics, and Tom Schedler. Mr. Ceasar further stated that he had, immediately prior to the hearing, filed proof of service regarding those three defendants into the record. With respect to Governor Edwards, Stephen Babcock, the State of Louisiana Legislature, and Michael Caldwell, Mr. Ceasar stated that he planned to proceed with service upon these defendants in accordance with the requirements of Federal Rule of Civil Procedure 4. The Court reviewed the Proofs of Service filed into the record,[25] and explained to Mr. Ceasar that pursuant to Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." Because Mr. Ceasar served Ms. Allen, the Louisiana Board of Ethics, and Tom Schedler but he cannot be the person to serve any defendant as he is a party, the Court advised that the service attempts did not comply with Federal Rule of Civil Procedure 4 and granted additional time for Mr. Ceasar to serve all defendants (including Ms. Allen, the Louisiana Board of Ethics, and Tom Schedler) properly.[26]

On February 13, 2018, Mr. Ceasar filed Proofs of Service into the record with respect to Kathleen Allen, Tom Schedler, Stephen Babcock, Doug Welborn, John Bel Edwards, the

---

actually delivered to the defendant by commercial courier." La. R.S. § 13:3204(A). However, based on the Summons issued to Kathleen Allen, it does not appear that she is a nonresident. Accordingly, she must be served pursuant to the rules applicable to resident defendants rather than pursuant to the Long Arm Statute. *See*, *McFarland v. Dippel*, 1999-0584, 756 So.2d 618, 621 (La. App. 1 Cir. March 31, 2000) ("Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service as required by law, personal jurisdiction over non-residents is dependent on strict compliance with the long-arm statute's procedural requirements.").

[24] 17-cv-562, R. Doc. 23.

[25] R. Doc. 28.

[26] *See*, 17-cv-562, R. Doc. 29.

Louisiana State Legislature, the State of Louisiana, the Louisiana Board of Ethics, and R. Michael Caldwell.[27] In each of the nine Proofs of Service filed, Mr. Ceasar asserted that "I, Ron Ceasar, do hereby certify that all 9 defendants <u>have been served twice</u> with <u>summons</u> and are now <u>in default</u>. The law of using others to serve is <u>unconstitutional</u>."[28] The Proofs of Service additionally included the following "Note: all 9 defendants are <u>public</u> servants and <u>anyone</u> can serve them or leave at dwelling."[29] Based on these assertions, Mr. Ceasar has taken the position (notwithstanding the requirements of Federal Rules of Civil Procedure) that he is entitled to personally serve the Defendants. Mr. Ceasar has not provided any explanation or authority for his position that "the law of using others to serve is unconstitutional."

Following the filing of the Proofs of Service, Defendants filed their various Motions to Dismiss.[30] In each Motion, Defendants assert that the claims against them should be dismissed because they were not properly or timely served.[31]

### b. Plaintiff Failed to Properly Serve Any Defendant

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See*, Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[32] The burden of demonstrating the validity of service when an objection is made lies with the party making

---

[27] 17-cv-562, R. Doc. 35.

[28] 17-cv-562, R. Doc. 35 (emphasis in original).

[29] 17-cv-562, R. Doc. 35 (emphasis in original).

[30] 17-cv-562, R. Docs. 39, 42, 43, & 44.

[31] In addition, Welborn asserts that Plaintiff's claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

[32] *Holly v. Metro. Transit Auth.*, 213 Fed.Appx. 343, 344 (5th Cir. 2007).

7

service.³³ When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner.³⁴ The fact that the plaintiff is *pro se* does not excuse the failure to properly effect service of process.³⁵

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Plaintiff does not contend that he complied with this provision of the Federal Rules; instead, he asserts that the law of using others to serve is unconstitutional and that public servants may be served by "anyone." Plaintiff cites no authority for his position and the Court is aware of none. The plain language of FRCP 4(c)(1) requires someone *other* than Mr. Ceasar to serve Defendants, and this Rule was previously explained to Mr. Ceasar during the December 15, 2017 hearing. Because the Court construes Mr. Ceasar's notations on the nine Proofs of Service as admissions that he personally served each Defendant (and that he believes he was entitled to do so despite a clearly contrary federal procedural rule), the Court finds the Proofs of Service do not comply with Federal Rule of Civil Procedure 4(c)(1).

    **c. Despite Numerous Opportunities and Extensions, Plaintiff Did Not Timely Serve Defendants**

Federal Rule of Civil Procedure 4(m) provides the time limitation and effects of failure to serve within those time limitations, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

---

³³ *Id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

³⁴ *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990).

³⁵ *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpub'd).

> plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

"It is axiomatic that the rules which govern service of process are applied more leniently to *pro se* litigants."[36] Although a plaintiff who establishes good cause for a failure to timely serve must be allowed additional time to accomplish service,[37] "when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed.'"[38]

Here, more than 90 days have passed since the filing of the Complaint on August 15, 2017. While this Court allowed Mr. Ceasar an additional extension of time through February 9, 2018 to serve Defendants and has previously given Mr. Ceasar explicit guidance in serving Defendants pursuant to Rule 4, Plaintiff has failed to comply with the Federal Rules and has instead asserted that he believes the requirement of Federal Rule 4(c)(2) is unconstitutional. Mr. Ceasar was advised that failure to timely file adequate proof of service could result in dismissal of his claims without further notice.[39] In light of Mr. Ceasar's decision to proceed contrary to the Federal Rules of Civil Procedure, despite this Court's efforts to explain the rules and afford him time to comply with the rules, the Court GRANTS the Motions to Dismiss filed by the Louisiana Defendants,[40]

---

[36] *Furr v. City of Baker*, Civil Action No. 15-426, 2017 WL 3496497, at * 9 (M.D. La. Aug. 15, 2017) (citing *Mayeaux v. McKee*, 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).

[37] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service.").

[38] *Furr*, 2017 WL 3496497, at * 9 (citing *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343, 343 (5th Cir. 2007); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

[39] 17-cv-562, R. Doc. 29.

[40] R. Doc. 39.

Caldwell,[41] Welborn,[42] and Babcock.[43] Plaintiff's suit against all Defendants is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).[44]

   III.   **Alternatively, Plaintiffs' Suit is Dismissed because Plaintiff's Filing is in Violation of this Court's Previous Orders; Plaintiff is Barred from Filing any Future Complaints in this Court without Leave of Court and Prepayment of the Filing Fee**

On December 14, 2005, Mr. Ceasar filed suit against various Southern University professors and administrators. *Ronnie R. Ceasar v. Holt et al.*, No. 05-cv-1402-RET-SCR (the "*Holt* Suit"). Plaintiff alleged that he was subjected to age, sex, and race discrimination, and a denial of due process, in violation of his constitutional rights. Mr. Ceasar was granted leave to proceed *in forma pauperis*[45] and a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held before the Magistrate Judge to determine if all or part of the case should be dismissed as frivolous. On May 1, 2006, the Magistrate Judge issued a Report recommending that Mr. Ceasar's suit be dismissed as frivolous and for failure to state a claim upon which relief can be granted.[46] Additionally, the Magistrate Judge recommended that an order be issued pursuant to 28 U.S.C. § 1651 barring the Plaintiff from filing any future complaints without leave of court and without prepayment of the filing fee and explained that:

> Plaintiff's *in forma pauperis* status has been revoked by the United State District Court for the Western District of Louisiana because the plaintiff has filed numerous complaints which have been

---

[41] R. Doc. 42.

[42] R. Doc. 43.

[43] R. Doc. 44.

[44] Defendant Welborn additionally seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. Doc. 43-1, p. 4. Because the Court finds Plaintiff's suit should be dismissed against all Defendants pursuant to Federal Rule of Civil Procedure 4(m), the Court does not reach Welborn's arguments pursuant to Rule 12(b)(6).

[45] 05-cv-1402, R. Doc. 3.

[46] 05-cv-1402, R. Doc. 14.

dismissed as frivolous and for failure to state a claim upon which relief can be granted.

On September 21, 2004, the plaintiff was placed on notice that should the complaints in *Ronnie R. Ceasar v. Motel 6, Inc. et al*, CV 04-586-B-1[47] and *Ronnie R. Ceasar v. Casino Rouge, et al*, CV 04-595-B-1,[48] be dismissed as frivolous or for failure to state a claim, an order may be issued pursuant to 28 U.S.C. § 1651 barring the plaintiff from filing any future complaints without leave of court and without prepayment of the filing fee. Both actions were subsequently dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).[49]

The District Judge thereafter adopted the May 1, 2006 Report[50] and issued an Order "that pursuant to 28 U.S.C. § 1651, plaintiff, Ronnie R. Ceasar, is hereby barred from filing any future complaints in this court without leave of court and without prepayment of the filing fee."[51] The imposition of sanctions was subsequently affirmed by the Fifth Circuit Court of Appeals:

The present case was the fifth case Ceasar filed in the Middle District of Louisiana that had been summarily resolved in favor of

---

[47] Mr. Ceasar filed Suit No. 04-cv-586 for alleged violations of the Fair Housing Act. Specifically, Mr. Ceasar alleged that defendants had illegally thrown away his personal possessions after he had left the motel and before he had an opportunity to come back to retrieve them. On September 20, 2004, the Magistrate Judge issued a Report recommending that the suit be dismissed as frivolous. 04-cv-586, R. Doc. 7. The District Judge adopted the Report and dismissed the suit. 04-cv-586, R. Doc. 8.

[48] Mr. Ceasar filed Suit No. 04-cv-595 pursuant to 42 U.S.C. § 1983 alleging he was improperly permanently banned from Casino Rouge after making an unwanted comment to a female blackjack dealer. On September 3, 2004, the Magistrate Judge issued a Report recommending that the suit be dismissed as frivolous. 04-cv-595, R. Doc. 4. The Report was adopted by the District Judge and the case dismissed as frivolous. 04-cv-595, R. Doc. 6. In addition to the suits against Motel 6 and Casino Rouge, Mr. Ceasar has also previously filed *Ronnie R. Ceasar v. Sheriff Elmer Litchfield, et al.*, No. 05-cv-49-FJP-CN and *Ronnie R. Ceasar v. Labor Ready, et al.*, No. 05-cv-230-RET-CN in 2005. In his suit against the Sheriff, Mr. Ceasar alleged constitutional violations of prisoners' civil rights. The suit was dismissed for failure to correct deficiencies of which he was notified by the Clerk. 05-cv-49, R. Docs. 3 & 4. In his suit against Labor Ready, Mr. Ceasar brought claims against Labor Ready, Manager Kevin Brown, the Baton Rouge Police Department, and "J. Doe" related to an altercation with the manager of Labor Ready and Mr. Ceasar's subsequent arrest. Defendants were dismissed via a Motion to Dismiss or Motion for Summary Judgment (Mr. Ceasar did not file any opposition to either). A common thread throughout Mr. Ceasar's filings is his position that any action adverse to him is racially motivated.

[49] 05-cv-1402, R. Doc. 14. Mr. Ceasar filed an objection to the Report. In reviewing Mr. Ceasar's objection, the Court found that Mr. Ceasar's objection may have violated Rule 11(b) of the Federal Rules of Civil Procedures and ordered Mr. Ceasar to appear personally to show cause why Rule 11 sanctions should not be imposed. 05-cv-1402, R. Doc. 21. Mr. Ceasar was found to have violated Rule 11 and was ordered to submit, in writing, an apology to the United States Magistrate Judge. 05-cv-1402, R. Doc. 25.

[50] 05-cv-1402, R. Doc. 18.

[51] 05-cv-1402, R. Doc. 19.

the defendants. Ceasar was previously sanctioned by the Western
District of Louisiana for filing frivolous litigation. The district court
did not abuse its discretion by sanctioning Ceasar. *See Murphy v.
Collins*, 26 F.3d 541, 544 (5th Cir. 1994).[52]

In addition to the *Holt* Suit, Mr. Ceasar filed another suit against numerous professors and administrators at Southern University based on allegations that defendants gave Mr. Ceasar poor or failing grades and then refused to adjust those grades when he complained about them. *R. Ceasar v. Revathi Hines*, No. 11-383-JJB-SCR (the "*Hines* Suit").[53] On September 16, 2011, Mr. Ceasar's Motion for Leave to proceed *in forma pauperis* was denied with the following explanation:

> Plaintiff was previously sanctioned in this court for filing frivolous litigation, including litigation similar to this Complaint. *Ronnie R. Ceasar v. Douglas G. Holt*, CV 05-1402-C-1 (M.D. La. 2006). The sanction imposed was as follows: "IT IS ORDERED that pursuant to 28. U.S.C. § 1651, plaintiff, Ronnie R. Ceasar, is hereby barred from filing any future complaints in this court without leave of court and without prepayment of the filing fee." Plaintiff appealed the dismissal of his complaint and the sanction imposed in that case. Both the dismissal and the sanction were affirmed by the Fifth Circuit Court of Appeals. Consequently, the plaintiff is barred from proceeding in this court without leave of court and prepayment of the filing fee. Plaintiff did not obtain leave of court to file this civil action and he did not pay the filing fee.[54]

The Court further reasoned that "[s]ince the clerk of court inadvertently filed the plaintiff's Complaint before he paid the full filing fee and obtained leave of court to file it, if he timely pays the full filing fee his Complaint will then be reviewed to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal, notwithstanding any filing fee paid,

---

[52] 05-cv-1402, R. Doc. 31.

[53] Plaintiff alleged the grades and the defendants' actions were based on race and age discrimination, retaliation for filing an administrative grievance against one of the defendants and a verbal confrontation with an instructor, and were an effort to silence him as an outspoken doctorate student. Plaintiff sought relief in the form of actual and punitive damages and injunctive relief.

[54] 11-cv-383, R. Doc. 5.

when the court determines that the action is frivolous or fails to state a claim upon which relief can be granted)."[55] On October 11, 2011, the District Judge issued a ruling explaining that despite the Magistrate Judge's order, Mr. Ceasar failed to pay the filing fee. Accordingly, Mr. Ceasar's case was dismissed without prejudice.[56]

At the time Mr. Ceasar filed his 2016 suit, *John Doe a/k/a R. Ceasar v. Louisiana Board of Ethics, et al.*, No. 16-cv-877-SDD-EWD, the Magistrate Judge was unaware of the previous order prohibiting him from filing in this Court without prepayment of the filing fee and leave of court. Although Mr. Ceasar has proceeded to file the instant suit as well as the two related suits discussed above using names slightly dissimilar to the name under which he filed in *Holt*, review of the pleadings filed in each of the cases discussed herein evidences that they were filed by the same individual.[57] In light of the fact that Mr. Ceasar's suit was inadvertently filed by the Clerk,

---

[55] 11-cv-383, R. Doc. 5.

[56] 11-cv-383, R. Doc. 8. On August 18, 2011, Mr. Ceasar filed yet another suit against a University, *R. Ceasar v. University of New Orleans*, 11-cv-563-JJB-DLD. There, Mr. Ceasar asserted a claim against the University of New Orleans pursuant to "1964 Civil Rights Act" and "Title VII" asserting that he "[a]pplied for a job(s) (accounting) at University of [sic] during Fall 2009 to no avail due to racial discrimination. Accounting dept. appears to be mostly white or other." 11-cv-563, R. Doc. 1. Mr. Ceasar was originally granted leave to proceed IFP; however, the order granting IFP status was subsequently modified and denied "as plaintiff has been barred from filing any complaints in this court without leave of court and without prepayment of the filing fee." 11-cv-563, R. Doc. 6. Mr. Ceasar was ordered to pay the full filing fee within fourteen days and was instructed that

> as the clerk of court inadvertently filed the plaintiff's complaint before he paid the full filing fee and obtained leave of court to file said complaint, in the event plaintiff timely pays the full filing fee, his complaint then will be reviewed under 28 U.S.C. §1915(e)(2)(B) to determine whether it should be dismissed as frivolous or for failure to state a claim upon which relief may be granted.

11-cv-563, R. Doc. 6. Mr. Ceasar filed a Notice of Appeal which was dismissed for lack of jurisdiction, and the District Judge ordered Mr. Ceasar to pay the filing fee within 14 days or his suit would be dismissed. 11-cv-563, R. Docs. 7, 11, & 13. On January 12, 2012, Mr. Ceasar's suit was dismissed for failure to pay the filing fee. 11-cv-563, R. Doc. 17. Mr. Ceasar also filed a Notice of Appeal with respect to the dismissal, which was subsequently dismissed for want of prosecution based on Mr. Ceasar's failure to timely pay the docketing fee.

[57] In addition to similarly describing himself in various pleadings, he also has consistently used the email address of rrceas1@yahoo.com. *See*, 16-cv-877 & 05-cv-1402. For the time period leading up to and including the *Holt* Suit, Mr. Ceasar filed as "Ronnie R. Ceasar." 04-cv-586, 04-cv595, 05-cv-49, 05-cv-230, 05-cv-1402. Following imposition of sanctions in the *Holt* Suit, Mr. Ceasar filed suit in this Court under the names "R. Ceasar." 11-cv-383 & 11-cv-563. Although the clerk of court inadvertently allowed Mr. Ceasar to file both suits, both were subsequently dismissed in light of the sanction imposed in *Holt*. Thereafter, Mr. Ceasar began his current group of suits stemming from alleged actions of the BOE. In these suits, Mr. Ceasar has filed as "John Doe" and "R. Ceasar a/k/a John Doe."

and because this suit was allowed to proceed through Mr. Ceasar's attempts to serve the Defendants, the Court has also considered the substance of the Defendants' four Motions to Dismiss. However, in light of the sanction previously issued in *Holt*, dismissal of the instant suit based on Plaintiff's failure to obtain leave of court is an additional basis for dismissal. Further, Mr. Ceasar is notified that the sanction set forth in *Holt* remains in effect and he is that barred from filing any complaints in this Court without leave of court and without prepayment of the filing fee.[58]

---

16-cv-877, 17-cv-562, 17-cv-1788. Mr. Ceasar's current use of "John Doe" appears to be an attempt to work around the sanction previously imposed in *Holt*. Given Mr. Ceasar's filing history with this Court, especially the fact that several of his suits were dismissed in light of the sanction imposed in the *Holt* Suit, it is difficult to believe that Mr. Ceasar forgot about the sanction. Instead, it appears that Mr. Ceasar was attempting – and was successful in doing so for a short period of time – to proceed "under the radar."

[58] Additionally, Mr. Ceasar continues to file pleadings with this Court in violation of Federal Rule of Civil Procedure 11. *See*, *Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989) ("Abusive language…has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11."). Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FRCP 11(c)(4). Although the Court will not waste additional judicial resources outlining every instance wherein Mr. Ceasar filed something with this Court containing inappropriate or abusive language, the record in this matter is replete with such language. Per his Amended Complaint, Plaintiff describes the Defendants as using "'Jim Crow' laws to justify "intimidation, obstruction, and just downright vigilante tactics" preventing him from running for State Treasurer. R. Doc. 31, ¶ II. He contends that he "should not be treated like an illegal immigrant!," that "Governor John Bel Edwards allowed Kathleen Allen an unlimited credit line to go after Mr. Ceasar….," and that [t]he honorable governor…should have put a leash on this vicious attack dog, Kathleen Allen from targeting Black candidates for office…." R. Doc. 31, ¶¶ 3, 16, 18. Plaintiff describes Ms. Allen as a "che wow wa" and defendant Caldwell as a "racist white southern judge." R. Doc. 31, ¶ 20. In another filing, Mr. Ceasar referred to defendant Babcock as a "sleazy lawyer trying to escape prosecution!" R. Doc. 45, ¶ 3. In addition, Mr. Ceasar has filed a Motion for Change of Venue Re-Urged wherein he attacks the neutrality and impartiality of the Court and seems to suggest he is willing to resort to violence. *See*, R. Doc. 36, ¶ 2 ("This court dragged its feet implying 'nigger please,' 'white folks get what they want.'"); ¶ 7 ("Making new laws to impede justice that favors white devils will only stir the Black Natives up to bear arms to solve their problems!"); ¶ 8 ("Some believe that in Mississippi, Alabama, and Louisiana that a volatile race war is needed to let white devils know that we Black Folks are sick and tired of their sh*t and enough is enough. 'Let's get it on!'"); ¶ 13 ("There are no intentions for this court to rule in favor of a Black American against privileged white devils, who are used to just doing 'niggers any kind of way, because 'that is what we do' in the dirty south! One must warn that the climate is ripe for a race war…."): ¶ 15 ("Black Magistrate Judges are pawns and have no power to rule freely! They must listen to 'MASSA," the Chief Judge, who is usually a white male over age 50!"). Mr. Ceasar was previously sanctioned under Rule 11 by this Court and therefore has even more experience than the average *pro se* litigant regarding the civility required in court filings. 05-cv-1402, R. Doc. 25. In light of Mr. Ceasar's consistent use of abusive, threatening, and offensive language, the Court would also be justified in imposing sanctions under Rule 11.

**IV. Conclusion**

For the reasons set forth herein, the (1) Rule 12(b)(4) & 12(b)(5) Motion to Dismiss filed by defendants, the Louisiana Board of Ethics ("BOE"), Kathleen Allen ("Allen"), the State of Louisiana, the Honorable John Bel Edwards, Governor, the State of Louisiana Legislature, and Tom Schedler, Secretary of State for the State of Louisiana;[59] (2) Rule 12(b)(6) & 12(b)(5) Motion to Dismiss filed by defendant, Judge R. Michael Caldwell;[60] (3) Motion to Dismiss Plaintiff's Complaint and Amended Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(4), Rule 12(b)(5), and Rule 12(b)(6) filed by Doug Welborn;[61] and (4) Rule 12(b)(2) & 12(b)(5) Motion to Dismiss filed by Stephen Babcock[62] are **GRANTED**. Plaintiff's suit against all Defendants is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is **NOTIFIED** that the sanction previously imposed in *Ronnie R. Ceasar v. Holt et al.*, No. 05-cv-1402-RET-SCR, remains in effect and that he is barred from filing any complaints in this Court without leave of court and without prepayment of the filing fee.

---

[59] R. Doc. 39.

[60] R. Doc. 42.

[61] R. Doc. 43.

[62] R. Doc. 44.

**IT IS FURTHER ORDERED** that this Ruling on Motions to Dismiss shall be sent to Plaintiff at the address listed on **PACER** by certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on <u>May 4, 2018</u>.

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**